UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: DEPUY ORTHOPAEDICS, INC., PINNACLE HIP
IMPLANT PRODUCTS LIABILITY LITIGATION       MDL No. 2244

TRANSFER ORDER

**Before the Panel:**[*] Pursuant to Panel Rule 7.1, plaintiffs in the four actions listed on Schedule A move to vacate our orders that conditionally transferred their respective actions to MDL No. 2244. Defendants DePuy Orthopaedics, Inc. (DePuy) and Johnson and Johnson Services, Inc., oppose the motions.

After considering all argument of counsel, we find these actions involve common questions of fact with the actions previously transferred to MDL No. 2244, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Moreover, transfer is warranted for reasons set out in our order directing centralization. In that order, we held that the Northern District of Texas was an appropriate Section 1407 forum for actions sharing factual questions arising from alleged injuries from DePuy's Pinnacle Acetabular Cup System hip implants. *See In re DePuy Orthopaedics, Inc., Pinnacle Hip Implant Prods. Liab. Litig.*, 787 F.Supp. 2d 1358 (J.P.M.L. 2011). These actions involve injuries arising from the implantation of DePuy Pinnacle Acetabular Cup System hip implants and related components, and clearly fall within the MDL's ambit.

None of the plaintiffs dispute that their actions share questions of fact with actions pending in MDL No. 2244. Plaintiffs instead base their arguments against transfer primarily on the pendency of motions to remand their respective actions to state court. These motions were all denied without prejudice. If plaintiffs choose to refile their motions, they can be presented to the transferee judge.[1] *See, e.g., In re Ivy*, 901 F.2d 7 (2nd Cir. 1990); *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the Northern District of Texas and, with the consent of that court, assigned

---

[*] Judge W. Royal Furgeson, Jr., did not participate in the decision of this matter.

[1] We note that Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court wishing to rule upon the remand motion generally has adequate time in which to do so.

Certified a true copy of an instrument on file in my office on 2/8/12
Clerk, U.S. District Court,
Northern District of Texas
By _____ Deputy

to the Honorable James E. Kinkeade for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

*[signature]*

John G. Heyburn II
Chairman

| | |
|---|---|
| Kathryn H. Vratil | Barbara S. Jones |
| Paul J. Barbadoro | Marjorie O. Rendell |
| Charles R. Breyer | |

IN RE: DEPUY ORTHOPAEDICS, INC., PINNACLE HIP
IMPLANT PRODUCTS LIABILITY LITIGATION                MDL No. 2244

## SCHEDULE A

### Central District of California

Marizola Earl, et al. v. DePuy Orthopaedics, Inc., et al., C.A. No. 2:11-07831
Armand Sanchez, et al. v. DePuy Orthopaedics, Inc, et al., C.A. No. 2:11-07867

### Northern District of California

Robert Nichols, et al. v. DePuy Orthopaedics, Inc., et al., C.A. No. 3:11-04748
Donna Blalock, et al. v. DePuy Orthopaedics, Inc., C.A. No. 4:11-04746